McKinney, J.,
delivered the opinion of the Court.
This was a motion in the circuit court of Sevier against the defendant, Bogers, former clerk of the circuit court of said county, and the sureties to his official bond, founded upon an Act passed at the last session of the General Assembly, (ch. 256, § 12,) which provides, “That it shall be the duty of the different Attorneys General in this State to examine the offices of the clerks of the circuit courts in this State, and if, on such examination, it shall appear that the said clerks have received or charged costs for enrolling any cause or causes in said courts, or either of them, and have not recorded the causes within eight months after final trial of tho causes for which said costs have been charged and received, then it shall be the duty of the Attorney General to enter a motion against such delin *65 quent clerk and bis sureties for the amount of the said costs so charged or received; and the Attorney General shall receive a tax fee of five dollars in each case where the said defendant or defendants are found to be in default.”
In the aspect in which this case is presented, it is needless to allude to the facts set forth in the bill of exceptions, further than to remark that, in our view, they make out a case both within the letter and spirit of the Act for a proper proceeding under the statute ; but we think the present motion must fail, because not instituted in the form contemplated by the Legislature.
The Act, it will be obsei-ved, is silent as to whose name the motion shall be made in; and likewise as to the disposition to be made of the money recovered from the delinquent clerk and his sureties.
The present motion is in the name of Ellis; against whom, at the December Term, 1847, of the circuit court of Sevier, a judgment was rendered in favor of one McNeely for nine dollars and fifty-two cents and costs of suit; which costs, including the fee of one dollar and sixty-two and a half cents for enrolling the cause, were “charged and received” by the defendant, Rogers, as clerk of said court, although 'the service never Avas performed.
We are very clear that the motion was improperly made in the name of Ellis. He has no interest whatever in the matter, has no claim to the money to be recovered, and is not a proper party to the proceeding.
This enactment, we think, may be regarded as supplementary to the .Act of 1846, ch. 32; and, as dictated by the same general spirit and policy, and should be *66 construed m ypm-i materia with it. The latter Act provides, that all money dire to witnesses, officers and others, which has been collected by clerks, either from unsuccessful suits in court or from the State or county Treasury, and which has been in the hands of said Clerks for more than, two years, shall be vaád into the eounby Treasury as other county monies. And the fifth section authorizes and directs the District Attorney General to take judgment by motion in the circuit court in the name of the eounby Trustee, on failure to comply with the provisions of the Act.
In this view the palpable omissions in the Act of 1852 are so far supplied as that some effect may be given to the law.
But the sixth section of the Act of 1816, which entitles the proper claimant to receive the amount due him from the county Trustee, cannot bo applied to the Act under consideration. The fee for enrolling the cause is properly charged to and collected from the unsuccessful party, by authority of law, as part of the legitimate costs of the cause. The neglect of the clerk to perform the duty enjoined by statute, for which the fee is given, does not entitle the party to have it refunded. This is a matter between the public and the delinquent officer.
The argument that the twelfth section of the Act of 1852, above quoted, refers to the preceding section, and applies only to the class, of cases directed by that section not to be thereafter enrolled, would make the twelfth section a gross absurdity ar.d leave nothing for it to operate upon; because, by the eleventh section, the class of cases distinctly specified, namely, misdemeanors, are not to be enrolled at all after the passage *67 of that Act; and, of course, no fee is either to be charged or received for a service not permitted by law. If this had been the object in view, no new remedy was necessai-y, as the violation of the Act would have plainly fallen within the well defined common law offence of extortion.
The twelfth section contains a substantive, independent and most salutary provision; that is, to enforce clerks who have charged or received fees for enrolling causes, required by law to be enrolled, to perform the duty enjoined or be subject to refund the fees wrongfully retained, with costs.
The abstract objection to the retfrospeetime operation of this Act, presents no difficulty in the present case. Such an objection is entitled to no great favor, coming from a public officer who has received, by coercion of legal process, and wrongfuly retains monies in his hands as compensation for services never in fact rendered.
"What limitations upon the retrospective operation of the Act should be applied, if any, in carrying out the intention of the Legislature, we leave to be determined when a proper case shall be presented, and so of other questions which have been suggested.
The motion is dismissed, on the ground that it was not made in the name of the proper party.